UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

----------------------------------------------------------------------------------x

STATE OF NEW YORK,
Office of the Attorney General
Environmental Protection Bureau
The Capitol
Albany NY 12224

STATE OF CONNECTICUT
Office of the Attorney General
55 Elm Street, P.O. Box 120
Hartford CT 06141

STATE OF MARYLAND
Office of the Attorney General
Department of Environment
1800 Washington Blvd., S. 6048
Baltimore MD 21230

COMMONWEALTH OF MASSACHUSETTS                    **COMPLAINT**
Office of the Attorney General
Environmental Protection Division
1 Ashburton Pl., Rm. 1813                        **Index No. _____**
Boston MA 02108

STATE OF OREGON
Department of Justice
Natural Resources Section
1515 Southwest Fifth Ave., S. 410
Portland OR 97201

STATE OF RHODE ISLAND
Department of the Attorney General
150 S. Main St.
Providence RI 02903

STATE OF VERMONT
Office of the Attorney General
109 State St.
Montpelier VT 05609-1001, and

PUGET SOUND CLEAN AIR AGENCY
1904 Third Ave., S. 105
Seattle WA 98101,

                                    Plaintiffs,

– against –

GINA McCARTHY, as Administrator of the
Environmental Protection Agency
Ariel Rios Bldg.,
1200 Pennsylvania Ave., NW,
Washington DC 20460, and

ENVIRONMENTAL PROTECTION AGENCY,
Ariel Rios Bldg.,
1200 Pennsylvania Ave., NW,
Washington DC 20460,

                                    Defendants.
---------------------------------------------------------------------------x

     Plaintiffs New York, Connecticut, Maryland, Massachusetts, Oregon, Rhode Island,

Vermont and the Puget Sound Clean Air Agency (collectively, the "States") bring this action to

compel Gina McCarthy, as Administrator of the Environmental Protection Agency ("EPA"), and

the EPA to comply with the nondiscretionary duty under the Clean Air Act ("Act") to review and

revise as necessary the New Source Performance Standards ("NSPS") for particulate matter

pollution from new residential wood heaters.  The States seek an injunction requiring EPA to

promptly propose and take final agency action on the NSPS by dates certain.

## **JURISDICTION AND VENUE**

     1.  This Court has jurisdiction of this action pursuant to section 304(a)(2) of the Act,

42 U.S.C. § 7604(a)(2), which authorizes any person, after duly giving notice, to commence a

citizen suit against EPA where the Administrator has failed to perform a nondiscretionary duty

under the Act.

     2.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391(e) because a substantial

part of the events or omissions giving rise to the States' claim occurred in this judicial district, as

the Administrator's failure to perform her nondiscretionary duty to timely review and revise as

necessary the NSPS for wood-burning devices occurred in this district, and EPA maintains an office in this district.

## PARTIES

3.  Plaintiff State of New York is a sovereign entity that brings this action on behalf of its citizens and residents.

4.  Plaintiff State of Connecticut is a sovereign entity that brings this action on behalf of its citizens and residents.

5.  Plaintiff State of Maryland is a sovereign entity that brings this action on behalf of its citizens and residents.

6.  Plaintiff Commonwealth of Massachusetts is a sovereign entity that brings this action on behalf of its citizens and residents.

7.  Plaintiff State of Oregon is a sovereign entity that brings this action on behalf of its citizens and residents.

8.  Plaintiff State of Rhode Island is a sovereign entity that brings this action on behalf of its citizens and residents.

9.  Plaintiff State of Vermont is a sovereign entity that brings this action on behalf of its citizens and residents.

10.  Plaintiff Puget Sound Clean Air Agency is a local air pollution control agency that regulates air pollution in King, Kitsap, Pierce and Snohomish counties in the state of Washington, including the cities of Seattle and Tacoma.

11.  Each of the plaintiffs is a "person" as defined in the applicable provision of the Act, 42 U.S.C. § 7602(e).

12.   Defendant Gina McCarthy is Administrator of EPA and is sued in her official capacity.  The Administrator is charged with implementation and enforcement of the Act, including timely reviewing and as necessary revising the NSPS for wood-burning devices.

13.   Defendant EPA is an executive agency of the federal government charged with implementing and enforcing the Act in coordination with the States.

## STATUTORY AND REGULATORY FRAMEWORK

14.   Section 111 of the Act requires EPA to develop air pollution control performance standards that apply to specific categories of stationary sources.  Section 111(b) requires the Administrator to list categories of stationary sources that the Administrator finds "cause[], or contribute[] significantly to, air pollution which may reasonably be anticipated to endanger public health or welfare."  42 U.S.C. § 7411(b)(1)(A).  The Administrator then must establish "standards of performance" for emissions of air pollutants from new and modified sources within each such category.  *Id.* § 7411(b)(1)(B).  These standards of performance must "reflect[] the degree of emission limitation achievable through the application of the best system of emission reduction which (taking into account the cost of achieving such reduction and any nonair quality health and environmental impact and energy requirements) the Administrator determines has been adequately demonstrated."  *Id.* § 7411(a)(1).

15.   Pursuant to section 111(b)(1)(B) of the Act, EPA must, "at least every eight years, review and, if appropriate, revise such standards" following the procedure required for promulgation of such standards unless it determines that such a review is not appropriate in light of readily available information on the efficacy of the standard.  *Id.* § 7411(b)(1)(B).  As part of its review, EPA is required to take into account "emission limitations and percent reductions achieved in practice."  *Id.*

## FACTUAL BACKGROUND

**A.**   **Wood Smoke Pollution**

16.  Wood smoke contains several pollutants, including fine particulate matter ($PM_{2.5}$),

carbon monoxide (CO), and polycyclic aromatic hydrocarbons (PAHs).  These pollutants are

linked to adverse coronary and pulmonary health impacts, including premature death.

17.  In its 2013 document entitled *Strategies for Reducing Residential Wood Smoke*,

("2013 Strategies Document"), EPA described some of the public health concerns with wood

smoke: "Residential wood smoke can increase particle pollution to levels that cause significant

health concerns (e.g., asthma attacks, heart attacks, premature death).  Wood smoke causes many

counties throughout the U.S. to either exceed the national health-based standards for fine

particles, or places them on the cusp of exceeding the standards."  Several studies have found

that residential wood combustion is responsible for potentially dangerous short-term spikes in

$PM_{2.5}$ concentrations, especially in rural areas.  *See, e.g.*, New York State Energy Research &

Development Authority, No. 10-02, *Spatial Modeling and Monitoring of Residential Woodsmoke

Across a Non-Urban Upstate New York Region* xvii-xix, 4-1 (Feb. 2010) (finding that in a seven-

county area of upstate New York, "very high spikes in wood smoke concentrations" of over 100

micrograms per cubic meter were observed and that 26 percent of the monitored population was

exposed to elevated residential wood smoke), available at www.nyserda.ny.gov.  High levels of

airborne fine particulates can also adversely affect public welfare, including impairing visibility

and damaging vegetation.

18.  According to EPA, fine particulate matter emitted from wood-burning devices

comprised 13 percent of all $PM_{2.5}$ pollution in the U.S. in 2008.  EPA has also estimated that

smoke from these devices can represent a large percentage of this pollution regionally, including

25 percent of wintertime $PM_{2.5}$ pollution in parts of New Hampshire and Wisconsin, and more than 50 percent of wintertime $PM_{2.5}$ in Tacoma, Washington and Sacramento, California.

**B.**    **EPA's Failure to Timely Review and Revise the NSPS for Residential Wood Heaters**

Obsolete Standards for Wood-Burning Devices

19.  In 1988, EPA determined that particulate matter emitted from residential wood heaters causes or contributes significantly to air pollution that may reasonably be anticipated to endanger public health or welfare and therefore established NSPS for new and modified residential wood heaters.  See 53 Fed. Reg. 5373 (Feb. 26, 1988); 40 C.F.R. Part 60, Subpart AAA.  Depending on the wood heater's components, the 1988 standards limit particulate matter emissions to either 4.1 grams per hour ("g/hr") or 7.5 g/hr.  40 C.F.R. § 60.532(b)(1) & (2).  Since EPA's adoption of the 1988 standards, three mandatory eight-year review periods have come and gone (1996, 2004, 2012) yet the agency has failed to complete even one mandatory eight-year review of those NSPS or promulgated a determination that such a review is not appropriate in light of readily available information on the efficacy of the standards.

20.  Since 1988, demonstrated and cost-effective design technologies that enable residential wood heaters to achieve substantially increased burning efficiencies and significantly reduced emissions of $PM_{2.5}$ and other pollutants have become available.  As a result, the current NSPS no longer reflect the application of the best system of emission reduction.  EPA's List of EPA Certified Wood Stoves contains dozens of available wood heaters that emit fewer than half of the emissions allowed under EPA's 1988 standard.  Several states have regulations requiring wood heaters to achieve standards significantly more stringent than EPA's standard.  For example, Washington's standard limiting $PM_{2.5}$ emissions from these devices is 40 percent more stringent.

Lack of Standards for Wood Boilers

21.  When it established the residential wood heaters NSPS in 1988, EPA exempted indoor and outdoor wood boilers (also known as "hydronic heaters") from the standards.  *See* 40 C.F.R. §§ 60.530(h)(2) & 60.531 (exempting and defining "boilers").  Although EPA subsequently developed a voluntary program pursuant to which manufacturers of wood boilers that achieve relatively lower emission rates may be recognized as "EPA qualified," the exemption of these boilers from NSPS requirements remains in place.

22.  The popularity and use of these unregulated boilers has grown since 1988.  Their emissions are of particular concern to the Northeast, Midwest and Northwest.  EPA estimates that outdoor wood boilers will produce more than 20 percent of wood burning emissions by 2017.

23.  In 2008, the New York Attorney General's Office issued a report finding that outdoor wood boilers were becoming increasingly common and can emit far more $PM_{2.5}$ than other types of residential heaters -- about 12 times as much as EPA certified wood stoves, 1,000 times as much as oil furnaces, and 1,800 times as much as gas furnaces.  A 2006 report by the Northeast States for Coordinated Air Use Management further found that one outdoor wood boiler can emit as much fine particulate matter as four heavy duty diesel trucks on a grams per hour basis.  NESCAUM, Assessment of Outdoor Wood-Fired Boilers (March 2006) at vii.

24.  EPA has stated in published documents that wood smoke from wood boilers have the same pollutants as smoke from wood heaters currently regulated under the NSPS, and that wood boilers may emit such pollutants in even greater quantities.  *See e.g.*, 2013 Strategies Document at 4-5, 15; EPA, *Emissions from Outdoor Wood-Burning Residential Hot Water Furnaces*, Project Summary (Feb. 1998).

25.  Similar to newer wood heaters, wood boilers can be designed to achieve much better emission rates.  For example, EPA's website lists 11 outdoor wood boilers that emit less than half of the Agency's Phase 2 voluntary program standard of 0.32 pounds per million British thermal units (lb/mmBTU), and another seven outdoor wood boilers typically emit between 0.04 to 0.08 lbs/mmBTU.  *See* EPA, Partners – Program Participation – List of Cleaner Hydronic Heaters, available at: www.epa.gov/burnwise/owhhlist.html.

**C.**  **Notice of Violations of Nondiscretionary Duties Under the Clean Air Act**

26.  On August 1, 2013, the States sent a citizen suit notice letter by certified mail to the EPA Administrator notifying her of the violations of nondiscretionary duties under 42 U.S.C. § 7411(b)(1)(A) and (B), and of the States' intention to commence a lawsuit if EPA did not correct the violations within 60 days.

27.  More than 60 days have passed since EPA's receipt of the notice letter and EPA has not completed a rulemaking reviewing, and as appropriate, revising the NSPS for residential wood heaters.

**CLAIM FOR RELIEF**
**(Failure to Perform Nondiscretionary Duty to Timely**
**Review, and as Necessary, Revise NSPS for Residential Wood Heaters)**

28.  Despite the expiration of three mandatory eight-year statutory deadlines for the Administrator to complete the required notice-and-comment rulemaking to review the NSPS for residential wood heaters and make any necessary revisions, the Administrator has failed to perform this nondiscretionary duty.

29.  In light of EPA's own findings subsequent to the 1988 standards regarding the adverse health impacts from wood smoke pollution emitted by unregulated wood boilers and the widespread availability of less-polluting boilers, the Administrator was required as part of her

mandatory review of the residential wood heaters NSPS to revise the NSPS to address air pollution from unregulated wood boilers.

30.  The Administrator's failures to timely complete review and promulgate any necessary revisions to the NSPS for residential wood heaters violates 42 U.S.C. § 7411(b)(1)(A) and (B), and continue to this day.

31.  The violations constitute "failure[s] of the Administrator to perform any act or duty under this chapter which [are] not discretionary with the Administrator" under 42 U.S.C. § 7604(a)(2).

32.  The delay caused by the Administrator's failures has harmed and continues to harm the States by delaying the adoption and implementation of more protective NSPS for residential wood heaters that will result in cleaner and healthier air in the States, benefitting the health and welfare of their citizens.

## REQUESTED RELIEF

**WHEREFORE,** the States respectfully request that this Court enter judgment against Defendants as follows:

A.      Declaring that Defendants are in violation of 42 U.S.C. § 7411(b)(1)(A) and (B) of the Act for failing to timely review, and as necessary, revise the NSPS for residential wood heaters;

B.      Enjoining Defendants to promptly complete review, propose, and promulgate necessary revisions to the NSPS for residential wood heaters pursuant to 42 U.S.C. § 7411(b)(1)(A) and (B) by dates certain;

C.      Awarding the States the costs of litigation, including reasonable attorneys' fees;

D.      Retaining jurisdiction over this matter until such time as Defendants have

complied with their nondiscretionary duties under 42 U.S.C. § 7411(b)(1)(A) and (B); and

E.      Such other relief as the Court deems just and proper.


Dated: October 9, 2013                          Respectfully submitted,

FOR THE STATE OF                                FOR THE STATE OF
NEW YORK                                        CONNECTICUT

ERIC T. SCHNEIDERMAN                            GEORGE JEPSEN
Attorney General                                Attorney General

By:    /s/ Michael J. Myers              By:    /s/ Scott N. Koschwitz
       _____                   _____
       MICHAEL J. MYERS (#444688)               SCOTT N. KOSCHWITZ
       Assistant Attorney General               Assistant Attorney General
       Environmental Protection Bureau          Office of the Attorney General
       The Capitol                              P.O. Box 120, 55 Elm Street
       Albany, NY  12224                        Hartford, CT 06141
       (518) 402-2594                           (860) 808-5250
       michael.myers@ag.ny.gov                  scott.koschwitz@ct.gov


       FOR THE STATE OF                         FOR THE COMMONWEALTH OF
       MARYLAND                                 MASSACHUSETTS

       DOUGLAS F. GANSLER                       MARTHA COAKLEY
       Attorney General                         Attorney General

By:    /s/ Mary E. Raivel                By:    /s/ Frederick D. Augenstern
       _____                   _____
       MARY E. RAIVEL                            FREDERICK D. AUGENSTERN
       Assistant Attorney General               Assistant Attorney General
       Office of the Attorney General           Environmental Protection Division
       Department of Environment                Office of the Attorney General
       1800 Washington Blvd., S. 6048           1 Ashburton Pl., Rm. 1813
       Baltimore, MD 21230                      Boston, MA 02108
       (410) 537-3035                           (617) 963-2427
       mary.raivel@maryland.gov                 fred.augenstern@state.ma.us

ELLEN F. ROSENBLUM
Attorney General

By:     /s/ Paul Garrahan
        _____
        PAUL GARRAHAN
        Assistant Attorney-in-Charge
        Natural Resources Section
        Department of Justice
        1515 SW Fifth Ave., S. 410
        Portland, OR 97201
        (971) 673-1943
        paul.garrahan@doj.state.or.us


WILLIAM H. SORRELL
Attorney General of Vermont

By:     /s/ Thea Schwartz
        _____
        THEA SCHWARTZ
        Assistant Attorney General
        Office of the Attorney General
        109 State Street
        Montpelier, VT 05609-1001
        (802) 828-2359
        tschwartz@atg.state.vt.us


PETER F. KILMARTIN
Attorney General

By:     /s/ Gregory S. Schultz
        _____
        GREGORY S. SCHULTZ
        Special Assistant Attorney General
        Department of Attorney General
        150 South Main Street
        Providence, RI 02903
        (401) 274-4400, ext. 2400
        gschultz@riag.ri.gov


PUGET SOUND CLEAN AIR
AGENCY

By:     /s/ Laurie Halvorson
        _____
        LAURIE HALVORSON*
        Director – Compliance and Legal
        Puget Sound Clean Air Agency
        1904 Third Ave., S. 105
        Seattle, WA 98101
        (206) 689-4030
        laurieh@pscleanair.org


*admission for pro hac vice to be filed